JOHNSON, J.,
would grant Defendant’s writ application and assigns reasons.
| Recording to the arresting officers’ testimony at the hearing on Defendant’s motion to suppress, the Defendant was stopped because the officers observed him “pulling up his pants” and walking away toward a fence in a “high crime” area.
*686 The threshold issue to be determined in the instant case is whether the officer who conducted the investigatory stop had reasonable suspicion of criminal activity. La. C.Cr.P. art. 215.1(A) provides that “[a] law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense, and may demand of him his name, address, and an explanation of his actions.” Here, the Defendant did not present any behavior suspicious of criminal activity to warrant an investigative stop under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).[1]
In the 115 page Report on the Investigation of the New Orleans Police Department, which was conducted by the United States Department of Justice, Civil Rights Division,[2] the report concluded that “the New Orleans Police Department 12engages in a pattern of stops, searches, and arrests that violate the Fourth Amendment. Detentions without reasonable suspicions are routine, and lead to unwarranted searches and arrests without probable cause.” Them review of 145 randomly-sampled arrest and investigative reports confirmed a pattern of unlawful conduct, not different from the arrest herein. In my view, the trial court’s ruling suppressing the evidence and statements in this case was correct, and clearly not an abuse of discretion, because the Defendant was subjected to an illegal investigatory stop by New Orleans Police Officers.

. In Terry v. Ohio, the United States Supreme Court first recognized that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.” 392 U.S. at 22, 88 S.Ct. at 1880.

. Investigation of the New Orleans Police Department, U.S. Department of Justice, Civil Rights Division, (March 16, 2011). A copy can be found on the U.S. Department of Justice website: www.justice.gov/crt/about/spl/ nopd_report.pdf